**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **DANIEL WHITE,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-01070-O-BP |
| § | |
| **JUDGE BRYAN BUFKIN,** *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the record in the above-captioned case. Because Plaintiff Daniel White has not served Defendants with process, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice**.

**I.   BACKGROUND**

On September 20, 2021, the *pro se* White filed his Complaint for Employment Discrimination against District Judge Bryan Bufkin, County Clerk Katie Lang, and District Judge Wayne Salvant. ECF No. 1. He paid the $402.00 filing fee for this case to proceed. *See generally Fee & Payment Schedule*, U.S. DIST. CT.: N. DIST. OF TEX., http://www.txnd.uscourts.gov/fee-payment-schedule (citing 28 U.S.C. § 1914(a)). The Court recently dismissed a separate case White filed because he did not serve the defendants there with process. *See White v. Texas*, No. 4:21-cv-00877-O-BP, 2021 WL 6335321 (N.D. Tex. Dec. 21, 2021), *rec. adopted*, 2022 WL 79842 (N.D. Tex. Jan. 7, 2022). Likewise, the record here indicates White has not served Defendants with process.

On October 5, 2021, the Court notified White of his responsibility to serve Defendants with a summons and copy of his Complaint under Federal Rule of Civil Procedure 4. ECF No. 7. The

docket sheet was silent until January 4, 2022, when White wrote the Court: "Hood [C]ounty has arrested me for filing a civil case to answer how 2000 acre of land not in state interest." ECF No. 8. The circumstances surrounding his arrest were, and remain, unclear. *See id.* On January 5, the Court reminded White of Rule 4's service requirement and ordered him to serve Defendants by January 26, warning him that failure to effect service may result in his case's dismissal under Federal Rule of Civil Procedure 4(m). ECF No. 9.

White next filed three motions on January 14 and a fourth motion on January 18. ECF Nos. 10-13. The Court denied these motions on January 25 and again reminded White of his service deadline. ECF No. 14. White since filed one item on February 18, but this filing did not purport to effect service on any Defendant. ECF No. 15. Today, the record reflects White still has not met Rule 4's service requirement.

## II.     LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 4 provides, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (discussing Rule 4(m)).

The *pro se* White filed his Complaint on September 20, 2021. ECF No. 1. Having paid the filing fee, White was responsible for serving Defendants with process by December 20, ninety days later. *See* Fed. R. Civ. P. 4(m)); *see also* Fed. R. Civ. P. 6(a) (Computing Time). Even though the Court notified him of this responsibility (ECF No. 7), White did not serve Defendants by or after December 20.

On January 4, 2022, White notified the Court of his arrest in Hood County. ECF No. 8. As mentioned, the circumstances surrounding his arrest remain unclear. Noting no evidence of proper service, the Court exercised its authority under Rule 4(m) in ordering White to execute service on Defendants by January 26. ECF No. 9.

White's next filings were the four motions he submitted in mid-January, including a (1) Demand for Release from Hood County Jail and Demand for Writ of Habeas Corpus (ECF No. 10); (2) Demand for Default-Judgment (ECF No. 11); (3) Demand for United States Marshalls [sic] to Serve Summons to Parties and Demand for United States Attorney Office Be Assign to Represent (ECF No. 12); and (4) Demand Removal of Hood County 355th (ECF No. 13). On January 25, the Court denied these motions: the first, without prejudice to White's right to commence separate habeas proceedings; the second, because Defendants had not received service and the Clerk of Court had not entered default against them; the third, in part because White is not proceeding *in forma pauperis* and he did not explain why he was otherwise entitled to Court-ordered service via a U.S. marshal; and the fourth, because its request for relief was unclear and unsupported. ECF No. 14. Once more, the Court reminded White of his responsibility to serve Defendants and warned him that failure to effect service may result in his case's dismissal under Rule 4(m). *Id.* at 3.

Currently, the record still indicates White has not served Defendants by or after the extended January 26 deadline. He filed one additional item on February 18, but this filing only expands on his allegations and claims. ECF No. 15. It does not purport to effect service on any Defendant or explain why the Court should otherwise excuse White from Rule 4's service requirement. *See id.*

As more than five months have passed since White started this suit, and with no Defendant receiving service, the Court *sua sponte* must either dismiss White's case without prejudice or set a new specified time for service. Fed. R. Civ. P. 4(m). Because the Court already extended White's service deadline (*see* ECF No. 9), the Court should now dismiss this case without prejudice.

### III. CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 4(m).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 9, 2022.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE